UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:                                                                                                    Case No.: 16-18987-RAM

Lisette Morales,                                                                                  Chapter 13

      Debtor.
_____/

**OBJECTION TO CLAIM OF U.S. BANK TRUST, NA AND NOTICE OF HEARING
ON SHORTENED NOTICE ON OBJECTION TO CLAIM**

*IMPORTANT NOTICE TO CREDITOR: THIS IS AN OBJECTION TO YOUR CLAIM*

This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended. This objection also sets an expedited hearing on this objection on the date already scheduled for the confirmation hearing in accordance with Administrative Order 99-4, "Order Shortening the Time for Serving and Noticing Hearing on Certain Objections to Claims in Chapter 13 Cases".

Pursuant to Bankruptcy Rule 3007, Local Rule 3007-1 and Administrative Order 99-4, the Debtor objects to the following claim filed in this case:

**COMES NOW** the Debtor, Lisette Morales, by and through her undersigned counsel and objects to the Proof of Claim filed by BSI Financial Services as Servicer for Macquarie Mortgages USA, Inc., for which the Creditor is currently U.S. Bank Trust, N.A., (claim number 4) hereinafter referred to as "Creditor" and as grounds therefore would show:

1. Creditor and/or its predecessor filed its proof of claim (Claim No.: 4) on or about September 15, 2016 alleging a secured claim in the amount of $644,474.27 and an arrearage in the amount of $244,042.21 at a fixed rate of interest of 5.625%. Creditor's proof of claim alleges that the regular monthly mortgage payment consists of $1,886.68 in principal and interest and an escrow portion in the amount of $488.28. A review of the 410 Attachment to the Creditor's proof of claim reflects that there is no escrow. Furthermore, Debtor's Counsel spoke to the Debtor on September 8, 2020, who advised that the Debtor pays the property taxes and insurance directly.

2. The Debtor's modified plan provides for the taxes and insurance to be paid directly.

3. Creditor's arrearage claim should be allowed but the Regular Monthly Mortgage Payment should be reduced to $ 1,886.68.

4. The Creditor obtained a Final Judgment in state court on September 24, 2013. In Paragraph Two (2) of the Judgment titled Interest stated, "The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the rate of prevailing legal rate of interest, 4.75 % a year."

5. "As a result, on entry of the judgment the lender can no longer charge the contractual interest, but is entitled only to statutory interest." (emphasis omitted) (citing *Sciandra v. First Union Nat'l Bank of Fla*., 638 So.2d 1009, 1010 (Fla. 2d DCA 1994) (Altenbernd, J., concurring))). This is unique to mortgage foreclosure cases and is unlike the reduction to judgment of a consumer debt unrelated to real property that is directly converted from that debt to a money judgment upon it. See § 702.01 ("All mortgages shall be foreclosed in equity."); cf. ch. 55, Fla. Stat. (2014); § 56.29, Fla. Stat. (2014)." *Michael ALUIA, Appellant, v. DYCK–O'NEAL, INC*., Appellee.No. 2D15–2059 Decided: July 15, 2016.

6. Undersigned has previously objected to one of the NOTICE of Payment Change dated APRIL16, 2019 and an Order was entered on or about June 17, 2019 sustaining the Objection to Notice of Payment Change. [ECF # 92]. Said Order provides that the regular monthly payment shall remain $ 1,886.68.

7. The Debtor has incurred attorneys' fees in bringing and prosecuting the instant Objection to Claim and the mortgage provides for attorneys' fees to be paid to Creditor so under Florida Statute § 57.105 attorneys' fees are reciprocal.

**WHEREFORE**, for the above reasons Debtor prays this Honorable Court enter an order sustaining the Debtors's objection to claim number 4. The claim should be allowed but the interest rate should be fixed at 4.75%, the Regular Monthly Mortgage Payment should remain $1,886.68, which consists of Principal and Interest Only and Debtor's Counsel should be awarded fees, which should be paid by the Creditor.

**You are hereby notified that:** A hearing on this objection will be held on October 10, 2020 at 9:00 a.m. at: Clyde Atkins U.S. Courthouse 301 N. Miami Ave., Courtroom 4, Miami, FL 33128, but due to the COVID Pandemic the hearing will be by telephone through Court Solutions.

The movant, or movant's counsel, Freire & Gonzalez, P.A., shall serve a copy of this objection and notice of hearing on all required parties and shall file this original objection and notice and completed certificate of service (printed on reverse) with the court *not later than 14 days prior to the hearing date*.

### CERTIFICATE OF SERVICE AND COMPLIANCE
### WITH LOCAL RULE 9073-1(D)

**I HEREBY CERTIFY** that a true and correct copy of the foregoing **OBJECTION TO PROOF OF CLAIM OF U.S. BANK TRUST, N.A., ,** has been filed this 15th day of September , 2020, and a copy of the accompanying Notice of Hearing was mailed to **Nancy K. Neidich,** Chapter 13 Trustee, via NEF, **all registered users of ECF** via NEF, **U.S. Bank Trust, N.A., Attn: Chase A. Berger, Esq.,** via NEF and **Debtor** in the instant case via first class mail.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1-A.

/s/*Gianny Blanco*
FREIRE & GONZALEZ, P.A.
Attorneys for Debtors(s)
Edward Freire, Esq. FBN: 0813771
Laila S. Gonzalez, Esq. FBN: 0975291
Gianny Blanco, Esq., FBN: 0078080
10691 N Kendall Dr. Ste. 207
Miami, FL 33176
Tel: (305) 826-1774
Fax: (305) 826-1794
courtdoc@fgbkc.com